IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| STATESBORO ERECTORS, INC.,<br>　　Plaintiff,<br>　　　　v.<br>AUTO-OWNERS INSURANCE COMPANY<br>and OWNERS INSURANCE COMPANY,<br>　　Defendants. | Civil Action No.<br>1:23-cv-02664-SDG |

**OPINION AND ORDER**

This case is before the Court on Defendant Auto-Owners Insurance Company's motion to dismiss [ECF 3]. Plaintiff Statesboro Erectors, Inc. did not oppose the motion.

**I.　Background**

This is an insurance dispute that arises out of a contract between Plaintiff Statesboro Erectors and non-party King Steel whereby Plaintiff subcontracted with King Steel to perform certain construction work.[1] While working on the project, an accident occurred and caused damage on the work site.[2] King Steel sought payment from Plaintiff in connection with the accident.[3] Plaintiff maintained an

---

[1]　ECF 1-1, ¶ 7.

[2]　*Id.* ¶ 16.

[3]　*Id.* ¶¶ 31, 34.

insurance policy issued by Auto-Owners Insurance *Group*'s affiliate, Defendant Owners Insurance Company.[4] Plaintiff filed claims seeking coverage for the accident.[5] Owners Insurance denied the claims and made no payment to Plaintiff.[6] Plaintiff then filed this suit, contending that Owners Insurance wrongfully denied coverage and seeking to recover the $456,874 in damages it paid King Steel.[7] In its Complaint, Plaintiff claims that Owners Insurance and Auto-Owners Insurance Company are "sister" companies, but provides no additional information or allegations that connect the two companies.[8] The two-count complaint alleges breach of contract and bad faith penalties against only Owners Insurance.[9] Auto-Owners Insurance Company filed the instant motion to dismiss, arguing that Plaintiff has failed to state a claim against it.[10] Plaintiff did not respond.

---

[4]   *Id.* at 40.

[5]   *Id.* ¶¶ 32, 36.

[6]   *Id.* ¶ 42.

[7]   *See id.*

[8]   *Id.* ¶¶ 2, 4.

[9]   *Id.* ¶¶ 46–55.

[10]  ECF 3.

**II.     Legal Standard**

Federal Rule of Civil Procedure 8(a)(2) requires a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." To withstand a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), "a complaint must now contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289 (11th Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint fails to state a claim when it does not "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555–56 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and the complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (alteration in original) (footnote omitted) (quoting 5 Charles A. Wright, *et al.*, FEDERAL PRACTICE AND PROCEDURE § 1216, at 235–36 (3d ed. 2004)).

At the motion to dismiss stage, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *FindWhat Inv'r Grp. v. FindWhat.com*, 658 F.3d 1282, 1296

(11th Cir. 2011) (quoting *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006)). This principle, however, does not apply to legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

When a plaintiff fails to respond to a motion to dismiss, the district court may consider only the defendant's arguments and the complaint's allegations. *Giummo v. Olsen*, 701 F. App'x 922, 925 (11th Cir. 2017). Regardless, "the district court must address the merits of the defendants' motion to dismiss." *Id*.

### III.  Discussion

Auto-Owners Insurance Company argues that this case should be dismissed against it because Plaintiff has failed to make any allegations against it or mention any wrongdoing on its behalf.[11] The Court agrees.

Plaintiff attached to the Complaint the insurance policy at issue.[12] The first page of the policy contains "Auto-Owners Insurance" letterhead and states: "Thank you for selecting Auto-Owners Insurance *Group* to serve your insurance needs!…Auto-Owners and its affiliate companies offer a full complement of policies."[13] The letter then explains "Auto-Owners Insurance Group includes

---

[11]  ECF 3-1, at 1–3.

[12]  ECF 1-1, at 40.

[13]  *Id*. (emphasis added).

Auto-Owners Insurance *Company*,…[and] Owners Insurance Company."[14] Plaintiff's policy was issued by Owners Insurance Company.[15] While Auto-Owners Insurance *Group* might be the parent or affiliate company of Owners Insurance, there is no connection between the allegations in the Complaint and *Defendant* Auto-Owners Insurance Company. Although the Complaint alleges that Owners Insurance and Auto-Owners Insurance Company are "sister" companies and that both issued the policy, the policy itself does not support that contention. And, as the latter points out, the Complaint seeks relief against only Owners Insurance with respect to the two counts of recovery.[16] Accordingly, the Complaint fails to plead facts stating any, much less a plausible, claim against Auto-Owners Insurance Company. Defendant Auto-Owners Insurance Company's motion [ECF 3] is therefore **GRANTED**. The Clerk is **DIRECTED** to terminate Auto-Owners Insurance Company from this case.

The Court notes that, in addition to not responding to this motion to dismiss, Plaintiff has also failed to respond to Defendants' motion for summary judgment, which was filed on February 8, 2024 and remains pending. This raises a question

---

[14]   *Id*. at 44 (emphasis added).

[15]   *Id*. at 45.

[16]   ECF 1, ¶¶ 46–55.

as to whether Plaintiff has abandoned prosecution of this case. If so, it is incumbent on counsel for Plaintiff to so advise this Court and opposing counsel. Accordingly, Plaintiff is **ORDERED**, on or before April 8, 2024, to show cause why this case should not be dismissed with prejudice for failure to prosecute.

**SO ORDERED** this 31st day of March, 2024.

Steven D. Grimberg
United States District Court Judge